BRUTEN, Senior, *vs.* LYNCH.

APPEAL from Platte Circuit Court.

S. L. Leonard, *for Appellant.*

1. At the last trial in the Circuit Court, the plaintiff was permitted to change his cause of action, and in this there was error.—See Rev. Stat., title, "Justices' Courts," sec. 16, p. 371.

2. The Court erred in excluding proof that D. Bruten, senior, was a pre-emptor, for surely one is not liable in trespass for removing rails cumbering his own land, especially when knowingly placed there against his will.

3. The Court erred in excluding proof that A. Bruten and plaintiff were joint pre-emptors on that quarter where the rails were made, and consequently tenants in common in the timber; for the cutting of the timber by plaintiff, without the consent of A. Bruten, does not divest his property therein.

4. The plaintiff failed entirely to prove the place charged; failed to prove the quarter fractional, and failed to prove it in his possession.

5. The plaintiffs failed to offer any proof whatsoever against A. Bruten.

Scott, J., *delivered the opinion of the Court.*

Lynch sued Bruten and others in a justice's court, for damages caused by throwing down a fence and removing rails; after judgment, the cause was taken to the Circuit Court, where, on a trial *de novo*, Lynch again had judgment for $12, from which this appeal is prosecuted.

It appears that John Lynch, the plaintiff in the court below, made an improvement on a quarter-section of land on which Jahew Lynch lived, with the consent of the said Jahew; afterwards, Jahew sold his improvement to David Bruten, one of the defendants below. Bruten gave notice to Lynch to make no more improvements on the quarter-section, as he expected to have a pre-emption to the same: Lynch hauled rails afterwards on the quarter-section, and laid a portion of them up, and some were left lying on the ground: David Bruten and others hauled them away. The defendants offered to prove that David Bruten was entitled to a pre-emption to the quarter-section on which the rails were laid by Lynch; and that the rails were made from timber on a quarter-section to which one of the defendants and Lynch were entitled to a pre-emption, without the consent of said defendant; and that David Bruten and others assisted that defendant in taking away the rails. This evidence was excluded by the court. On the trial in the Circuit Court, the plaintiff only claimed damages for the loose rails lying on the ground.

It is assigned for error, that the court rejected the evidence offered by the defendants, and that there was no evidence against one of the defendants.

*Per Curiam.*—Let the judgment be affirmed.